UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 15-CR-150-2 (ARR) |
| -against- | NOT FOR ELECTRONIC OR PRINT PUBLICATION |
| ALEXIS ESCOBAR, | **OPINION & ORDER** |
| *Defendant*. | |

ROSS, United States District Judge:

In late February 2024, I received a letter from defendant, Alexis Escobar, requesting compassionate release pursuant to 18 U.S.C. § 3582 and a sentence reduction under Part A of Amendment 821 to Section 4A1.1 of the Sentencing Guidelines, U.S.S.G. § 4A1.1(e). Def.'s Mot. Reduce Sentence ("Def.'s Mot."), ECF No. 132. The government filed its response in opposition in late March 2024. Gov't's Resp. Opp'n ("Gov't Opp'n"), ECF No. 134. To date, I have not received a reply from Mr. Escobar. For the following reasons, I deny Mr. Escobar's request for compassionate release and a sentence reduction.

## BACKGROUND

Familiarity with the facts and procedural history of this case is presumed. In short, Mr. Escobar pleaded guilty to six counts of Hobbs Act Robbery and one count of possessing and brandishing a firearm during a crime of violence. Presentence Investigation Report 3 ("PSR"), ECF No. 84. He and an accomplice committed a string of armed robberies of cell phone stores over the course of multiple years. *Id.* ¶¶ 12–17. During each of the robberies, Mr. Escobar and his accomplice entered the store wearing masks, threatened the store's occupants by brandishing a firearm, restrained the employees and customers present by binding their hands and feet together

using zip ties, and stole cash and merchandise. *Id*. The two robbed ten retail stores and threatened or restrained dozens of victims. *Id.* ¶¶ 17–19. In 2016, I sentenced Mr. Escobar to 162 months' imprisonment followed by five years of supervised release. Judgment, ECF No. 94.

Prior to the instant motion, Mr. Escobar has moved for compassionate release three times. *See* Def.'s Mot. for Release, Aug. 3, 2020, ECF No. 115; Def.'s Mot. for Release, Nov. 18, 2021, ECF No. 122; Def.'s Mot. for Release, June 12, 2023, ECF No. 127. I denied each of Mr. Escobar's motions. *See* Order, Aug. 11, 2020, ECF No. 117; Order, Docket Entry Dated Apr. 26, 2022; Order, Sept. 05, 2023, ECF No. 131.

## DISCUSSION

Mr. Escobar first requests compassionate release pursuant to 18 U.S.C. § 3582. Def.'s Mot. The First Step Act permits a criminal defendant to move for "[m]odification of an imposed term of imprisonment" before a federal sentencing court. 18 U.S.C. § 3582(c). To qualify for such relief, a defendant bears the burden of showing: (1) that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf," or that thirty days have lapsed "from the receipt of such a request by the warden of [his] facility, whichever is earlier"; (2) that "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment; (3) that "the [applicable] factors set forth in section 3553(a)" do not militate against release, despite the existence of extraordinary or compelling reasons; and (4) that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission."[1] *Id*.

---

[1] In 2020, the Second Circuit determined that the applicable policy statement—U.S.S.G. § 1B1.13—does not apply to motions for compassionate release filed by defendants because the statement's language referenced only motions filed by the Director of the Bureau of Prisons. *See United States v. Brooker*, 976 F.3d 228, 235–37 (2d Cir. 2020). The Sentencing Commission has since amended the policy statement, such that it now explicitly covers motions for compassionate release brought by individual defendants. *See* U.S.S.G. § 1B1.13(a) ("Upon motion of the Director of the Bureau of Prisons *or the defendant*, . . . the court may reduce a term of imprisonment . . . .")

§ 3582(c)(1)(A); *see also United States v. Cato*, No. 16-CR-326 (ARR), 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (noting that a defendant bears the burden of proof).

Mr. Escobar is proceeding *pro se*. I therefore construe his motion liberally and interpret it "to raise the strongest arguments that it . . . suggest[s]." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quotation omitted). "Nonetheless, a *pro se* [motion] must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). Mr. Escobar provides no reasons to justify his request for compassionate release. He instead simply states that his letter is a "[r]equest for [c]ompassionate release pursuant to 18 U.S.C. § 3582." Def.'s Mot. Because defendant "bears the burden of proving that he is entitled to compassionate release," and he has neither produced any evidence to demonstrate that he has exhausted administrative remedies nor provided any reasons to justify his release, I deny his motion for compassionate release. *United States v. Phillibert*, 557 F. Supp. 3d 456, 458 (S.D.N.Y. 2021).

Mr. Escobar also moves for a sentence reduction under Part A of Amendment 821 to the Sentencing Guidelines. Def.'s Mot. This amendment reduces the criminal history or "status points" added to a defendant's criminal history score if the defendant "committed the instant offense while under any criminal justice sentence." U.S.S.G. § 4A1.1(e).[2] Prior to the amendment, if a defendant committed an offense while under a criminal justice sentence, two status points would be added to

---

(emphasis added). As a result, courts in this circuit have determined that "*Brooker* does not apply to the new version of Policy Statement 1B1.13 . . . [and that] to grant a motion for compassionate release, a court must now . . . find that granting such relief is consistent with Policy Statement 1B1.13." *United States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023) (quotation marks omitted); *see also United States v. Andrews*, No. 01-CR-450, 2023 WL 8477993, at *2–5 (S.D.N.Y. Dec. 7, 2023) (analyzing the recent amendments to Policy Statement 1B1.13 and applying it to a defendant's motion for compassionate release).

[2] The Sentencing Commission made Amendment 821 retroactive. *See* U.S.S.G. § 1B1.10(d) (Nov. 2023).

the defendant's criminal history score. *See* Amendment 821. Now, pursuant to U.S.S.G. § 4A1.1(e), such a defendant will receive only one status point—and only if that defendant has already received seven or more points under the other subsections of § 4A1.1. At the time of his sentencing, Mr. Escobar had no criminal history and, as a result, he received no criminal history status points. *See* PSR ¶¶ 82–87; *see also* Statement of Reasons 1, ECF No. 95 (adopting the PSR without change). Accordingly, Mr. Escobar is not eligible for a sentence reduction under U.S.S.G. § 4A1.1(e).

Because Mr. Escobar did not receive any criminal history points at the time of his original sentencing, he may have intended to request a sentence reduction under Part B of Amendment 821 to the Sentencing Guidelines. This amendment reduces by two points the offense level for a defendant who received no criminal history points at the time of his original sentencing. U.S.S.G. § 4C1.1(a)(1)–(10). If a defendant also meets nine other criteria listed in the statute, including that he "did not possess . . . a firearm or other dangerous weapon . . . in connection with the offense," he will be eligible for the two-point reduction. *Id.* Mr. Escobar is ineligible for a sentence reduction under this amendment because he was convicted of "possessing and brandishing a firearm during a crime of violence" pursuant to 18 U.S.C. § 924(c)(1)(A), which is one of the statutory criteria that bars a defendant from receiving a sentence reduction under Part B of Amendment 821, U.S.S.G. §4C1.1(a)(7). Judgment 2; *see also* PSR 3.

## CONCLUSION

For the reasons set forth above, Mr. Escobar's motion for compassionate release and a sentence reduction is denied.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated: May 10, 2024
Brooklyn, New York