UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

ALEXIS ESCOBAR,

          *Defendant*.

15-CR-150-2 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

      In October 2025, I received a letter from defendant, Alexis Escobar, requesting that I order the Bureau of Prisons to apply First Step Act credits to his current sentence under 18 U.S.C. § 1951(a). Def.'s Mot. to Apply First Step Act Credits ("Mot."), ECF No. 136. The government filed its response in opposition on November 4, 2025. Gov't's Resp. Opp. ("Opp."), ECF No. 138. To date, I have not received a reply from Mr. Escobar. For the following reasons, I deny Mr. Escobar's motion.

**BACKGROUND**

      I presume parties' familiarity with the facts and procedural history of this case. In brief, Mr. Escobar pleaded guilty to six counts of Hobbs Act Robbery and one count of possessing and brandishing a firearm during a crime of violence. Presentence Investigation Report 3 ("PSR"), ECF No. 84. He and an accomplice committed a string of armed robberies of cell phone stores over multiple years. *Id.* ¶¶ 12–17. During each of the robberies, Mr. Escobar and his accomplice entered the store wearing masks, threatened the store's occupants by brandishing a firearm, restrained the employees and customers present by binding their hands and feet together using zip ties, and stole cash and merchandise. *Id.* The two robbed ten retail stores and threatened or

1

restrained dozens of victims. *Id.* ¶¶ 17–19. In 2016, I sentenced Mr. Escobar to 162 months' imprisonment followed by five years of supervised release. Judgment, ECF No. 94. He is currently serving his sentence at Federal Correctional Institution Miami and is scheduled to be released on December 28, 2027.

Prior to the instant motion, Mr. Escobar has moved for compassionate release multiple times. *See* Def.'s Mot. for Release, Aug. 3, 2020, ECF No. 115; Def.'s Mot. for Release, Nov. 18, 2021, ECF No. 122; Def.'s Mot. for Release, June 12, 2023, ECF No. 127; Def.'s Mot. for Release, Feb. 28, 2024, ECF No. 132. I denied each of Mr. Escobar's motions. *See* Order, Aug. 11, 2020, ECF No. 117; Order, Docket Entry Dated Apr. 26, 2022; Order, Sept. 5, 2023, ECF No. 131; Order, May 10, 2024, ECF No. 135.

## DISCUSSION

As an initial matter, because Mr. Escobar's submission was filed *pro se*, I will liberally construe the motion "to raise the strongest arguments" that it suggests. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quotation marks omitted). "Nonetheless, a *pro se* [motion] must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). Mr. Escobar must still "compl[y] with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (quotation marks omitted).

Mr. Escobar asks that I "[d]eclare that Defendant is eligible to earn and apply [First Step Act] time credits to the portion of his sentences under 18 U.S.C. § 1951(a)" and "[o]rder the Bureau of Prisons to calculate and apply all [First Step Act] credits Defendant has earn[ed] towards his current sentence." Mot. at 5. Mr. Escobar argues that he received consecutive sentences for two different offenses, one of which was ineligible for credit under the First Step Act (Possession and Brandishing of a Firearm During a Crime of Violence) and the other which was eligible (Hobbs

2

Act Robbery). *Id.* at 2–3. He claims that he has finished his term of imprisonment for the ineligible offense and should now receive First Step Act credit while he serves time on the eligible offense, with the effect of reducing his total sentence. *Id.* at 3.

The Government offers two arguments in opposition. First, the Government contends that the defendant's motion should be construed as a petition brought pursuant to 28 U.S.C. § 2241. *See* Opp. at 3. Therefore, venue is not proper in this court because challenges to the computations of a defendant's sentence must be brought in a habeas petition in the district in which the defendant is incarcerated. *Id.* (citing *United States v. Delacruz*, No. 16-CR-262, 2022 WL 785073, at *1 (S.D.N.Y. Mar. 15, 2022)). Second, the Government argues that the motion is substantively defective because the controlling statute, 18 U.S.C. § 3584(c), states that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment. Opp. at 3–4. As such, Mr. Escobar's conviction for the ineligible offense of Possession and Brandishing of a Firearm During a Crime of Violence, 18 U.S.C. § 924(c), renders his entire sentence ineligible for First Step Act credits. *Id.* at 4.

Both of the Government's arguments are correct. "Pursuant to 28 U.S.C. § 2241, 'a district court has the power only to review a decision by the Bureau of Prisons' regarding its 'computation of credit on a federal sentence'" *United States of America, v. Ledwin Castro*, No. 03-CR-0851-10, 2025 WL 3123733, at *2 (E.D.N.Y. Nov. 7, 2025) (cleaned up) (quoting *Evans v. United States*, No. 08-CV-3830, 2010 WL 2026433, at *2 (E.D.N.Y. May 17, 2010), *aff'd*, 419 F. App'x 53 (2d Cir. Apr. 6, 2011)); *see also Lallave v. Martinez*, 609 F. Supp. 3d 164, 182 (E.D.N.Y. 2022) (considering an FSA credits claim in adjudicating a § 2241 petition). "A petition seeking to compel BOP to provide FSA credits is . . . properly made under 28 U.S.C. § 2241[.]" *McCoy v. United*

3

*States*, No. 21-CR-276, 2025 WL 974641, at *1 (E.D.N.Y. Apr. 1, 2025). Therefore, I construe Mr. Escobar's motion challenging the Bureau of Prison's execution of his sentence as a Section 2241 habeas petition. As a Section 2241 habeas petition must be brought in the district where the petitioner is imprisoned, I do not have jurisdiction to consider defendant's request. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Mr. Escobar should have brought his claim in the United States District Court for the Southern District of Florida because he is currently incarcerated in Miami, Florida.

Petitioner's argument also fails on substantive grounds. The federal statute regulating multiple sentences of imprisonment, 18 U.S.C. § 3584(c), states: "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." The Second Circuit has held "that, pursuant to the aggregation provision, a prisoner is serving a sentence for any offense that is part of his aggregated term of imprisonment" and that "the [Bureau of Prisons] must aggregate a prisoner's sentence pursuant to § 3584(c) for the purpose of determining his eligibility for FSA time credits under § 3632(d)(4)." *Giovinco v. Pullen*, 118 F.4th 527, 529 (2d Cir. 2024), *cert. denied sub nom. Giovinco v. Flowers*, 145 S. Ct. 1947 (2025). Courts have rejected Mr. Escobar's argument when it has been brought by other petitioners. *See, e.g.*, *United States v. Monsalvatge*, No. 12-CR-586-02, 2025 WL 307137, at *8–9 (E.D.N.Y. Jan. 27, 2025); *United States v. Wright*, No. CR-08-0381, 2025 WL 1677005, at *16 (D. Md. June 13, 2025) (collecting cases). Therefore, Mr. Escobar remains ineligible for First Step Act credits because he is still serving a sentence for a disqualifying offense. *See Ferebe v. Jamison*, No. 24-CV-5931, 2025 WL 1632087, at *2 n.2 (S.D.N.Y. May 5, 2025) ("[B]ecause [petitioner] 'is serving a sentence for a conviction under' 18 U.S.C. § 924(c), he is ineligible to receive time credits under the First Step Act.").

4

## CONCLUSION

For the reasons set forth above, Mr. Escobar's motion challenging the Bureau of Prisons' calculation of his sentence is denied.

SO ORDERED.

                                                       /s/  
                                                      Allyne R. Ross  
                                                      United States District Judge

Dated: November 17, 2025  
       Brooklyn, New York